```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-20-2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :   CONSENT PRELIMINARY
            -v.-                                      :   ORDER OF FORFEITURE AS TO SPECIFIC
                                                      :   PROPERTY/MONEY JUDGMENT
ENRICA COTELLESSA-PITZ,                               :
                                                      :   S5 10 CR. 228 (LTS)
            Defendant.                                :
                                                      :
------------------------------------------------------x

WHEREAS, on or about December 19, 2011, ENRICA COTELLESSA-PITZ (the "defendant") was charged in a four-count Information, S5 10 CR. 228 (LTS) (the "Information"), with conspiracy to falsify records of a broker-dealer, to falsify records of an investment adviser, to make false filings with the SEC, and to obstruct and impede the lawful governmental function of the Internal Revenue Service, in violation of 18 U.S.C. § 371 (Count One); falsifying records of a broker-dealer, in violation of 15 U.S.C. §§ 78q(a) & 78ff, 17 C.F.R. § 240.17a-3, and 18 U.S.C. § 2 (Count Two); falsifying records of an investment adviser, in violation of 15 U.S.C. §§ 80b-4 & 80b-17, 17 C.F.R. § 275.204-2, and 18 U.S.C. § 2 (Count Three); and false filing with the SEC, in violation of 15 U.S.C. § 78q(a) & 78ff, 17 C.F.R. § 240.17a-5, and 18 U.S.C. § 2 (Count Four);

WHEREAS, the Information included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $97.3 billion, and all property traceable thereto, and also gave

notice of the Government's intent to forfeit substitute assets;

WHEREAS, on December 19, 2011, the defendant pled guilty pursuant to a plea agreement wherein the defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of those offenses, including but not limited to a sum of money equal to $97.3 billion, representing the amount of proceeds obtained as a result of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Government contends that all of the defendant's right, title, and interest in the property specified in Schedule A attached hereto (the "Specific Property"), as well as in the real property and appurtenances known and described as 91-11 107th Avenue, Ozone Park, New York 11417, shown on the tax map of the County of Queens, New York, as Block 9158, Lot 34, Section 39 (the "107th Avenue Property"), which is the family home of the defendant, Thomas Pitz, and their daughter; the real property and appurtenances known and described as 105-06 92nd Street, Ozone Park, New York 11417, shown on the tax map of the County of Queens, New York, as Block 9158, Lot 9, in which the defendant holds a percentage of a remainder interest in a life estate (the "92nd Street Life Estate Interest"); all funds and other property on deposit in Chase Bank Account No. 039505631, held in the name of the defendant and Thomas Pitz (the "5631 Account"), which contains approximately $2,687.47; all funds and other property on deposit in Chase Bank Account No. 0391186970, held in the name of the defendant and Thomas Pitz (the "6970 Account"), which contains approximately $2,165.49; all funds and other property on deposit in Chase Bank Account No. 0467049743, in the name of the defendant

2

and Madeline Pitz (the "9743 Account"), which contains approximately $95.11; all funds and other property on deposit in Chase Bank Account No. 03032317652, held in the name of the defendant and Madeline Pitz (the "7652 Account"), which contains approximately $2,256.47; a diamond necklace worth approximately $2,275 (the "Necklace"), a 2005 Lexus LS430 with value of approximately $11,000 (the "2005 Vehicle"), a United States Life Insurance Company policy held in the name of the defendant with a cash surrender value of $4,941 (the "Life Insurance Policy"), and $40,000 in funds held on account for Enrica Cotellessa-Pitz by Richard Leff, Esq. (the "Released Escrow Funds") (the 107th Avenue Property, the 92nd Street Life Estate Interest, the 5631 Account, the 6970 Account, the 9743 Account, the 7652 Account, the Life Insurance Policy and the Released Escrow Funds collectively the "Additional Property") is subject to forfeiture either as property constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One and Two or as substitute assets;

WHEREAS, Thomas Pitz represents that he would file a petition asserting his right, title and interest in certain of the Specific Property and Additional Property;

WHEREAS, the Government, the defendant, and Thomas Pitz wish to resolve the forfeiture matters consensually on the terms set forth herein;

IT IS HEREBY STIPULATED, ORDERED, AND AGREED, by and between the United States of America, by and through its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Paul M. Monteleoni, of counsel, and the defendant ENRICA COTELLESSA-PITZ, Thomas Pitz, and their attorney, David M. Rody, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the defendant pled guilty, a money judgment in the amount of

$97,300,000,000 in United States currency (the "Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JOANN CRUPI a/k/a "Jodi," JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States v. Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States v. Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States v. DiPascali*, 09 Cr. 764 (LTS) (S.D.N.Y.).

2. As a result of the offenses charged in Counts One and Two of the Information, all of the defendant's right, title and interest in the Specific Property (as set forth on Schedule A) is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The defendant and Thomas Pitz agree not to file any claim or petition for remission or mitigation in any proceeding involving the forfeiture of the Specific Property or to assist any other person in doing so.

3. The Government agrees not to seek the forfeiture of the Additional Property, or of the contents of Chase Account No. 02919393815, held in the name of the defendant and Gregory Maccarone (the "3815 Account," together with the Additional Property the "Released Property") in connection with this case.

4. The defendant and Thomas Pitz are hereby barred from asserting any claim against the United States of America, the Department of Justice, the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigations, or the United States

Marshals Service, or any agents or employees of the above (the "Released Parties"), in connection with any seizure, possession, or attempt to forfeit the Specific Property or the Released Property (including without limitation any claim that they are entitled to attorney's fees), and agree to hold harmless the Released Parties from any and all third-party claims of ownership of the Released Property.

       5.       Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, ENRICA COTELLESSA-PITZ, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

       6.       Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control.

       7.       Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5

8.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.  Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.  If finally forfeited to the United States, the Specific Property shall be applied in partial satisfaction of the Money Judgment.

11. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, or law firm check made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

12. Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money

Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

14. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

[The remainder of this page is intentionally left blank]

16. This Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____    _____
    PAUL M. MONTELEONI               DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219

_____    5/9/2015
ENRICA COTELLESSA-PITZ               DATE
DEFENDANT

_____    05-09-15
THOMAS PITZ                          DATE


_____    _____
DAVID M. RODY, ESQ.                  DATE
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
*Attorney for Enrica Cotellessa-Pitz and Thomas Pitz*

SO ORDERED:


_____    _____
HONORABLE LAURA TAYLOR SWAIN                 DATE
UNITED STATES DISTRICT JUDGE

8

16. This Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____        5/11/15
    PAUL M. MONTELEONI                      DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Tel.: (212) 637-2219


_____             _____
ENRICA COTELLESSA-PITZ                      DATE
DEFENDANT


_____             _____
THOMAS PITZ                                 DATE

_____             5/11/15
DAVID M. RODY, ESQ.                         DATE
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
*Attorney for Enrica Cotellessa-Pitz and Thomas Pitz*

SO ORDERED:

_____             5/19/15
HONORABLE LAURA TAYLOR SWAIN                DATE
UNITED STATES DISTRICT JUDGE

8

## SCHEDULE A

The following assets (the "Specific Property") are subject to forfeiture:

a. THE REAL PROPERTY AND APPURTENANCES LOCATED AT 6 AUTUMN LEAVES WAY AND 107 GARDEN GATE TRAIL, MARIETTA, SOUTH CAROLINA, SHOWN AND DESIGNATED AS LOTS 15 AND 17 ON A PLAT OF GARDEN GATE SUBDIVISION AND RECORDED IN THE REGISTER OF DEEDS FOR GREENVILLE COUNTY, SOUTH CAROLINA;

b. ALL FUNDS AND OTHER PROPERTY ON DEPOSIT IN FIDELITY INVESTMENTS IRA ACCOUNT NO. 169-686840 IN THE NAME OF ENRICA COTELLESSA-PITZ;

c. ALL FUNDS HELD ON ACCOUNT FOR ENRICA COTELLESSA-PITZ BY RICHARD LEFF, ESQ. EXCLUDING $40,000;

d. ALL FUNDS AND OTHER PROPERTIES ON DEPOSIT IN TD BANK ACCOUNT 00004768366861 IN THE NAME OF ENRICA COTELLESSA-PITZ;

e. ONE ROLEX LADIES PRESIDENT WATCH;

f. ONE MAHOGANY MINK COAT;

g. APPROXIMATELY 30 LLADRO PORCELAIN FIGURINES;

h. ONE 8.69 CARAT PLATINUM AND DIAMOND BRACELET;

i. TWO 4.25 CARAT DIAMOND EARRINGS;

j. ONE PASTEL PAINTING;

k. ONE COFFEE TABLE AND SIX DINING ROOM CHAIRS;

l. TWO TEARDROP PEARL AND DIAMOND EARRINGS;

m. ONE .9 CARAT DIAMOND NECKLACE CLASP;

n. ONE GOLD ROLEX MEN'S PRESIDENT WATCH;

and all property traceable thereto.